## J. A. PARKEY v. STATE.

No. A-10054. Oct. 14, 1942.

(130 P. 2d 112.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen and J. Walker Field, Asst. Attys. Gen., for defendant in error.

JONES, J. J. A. Parkey was charged in the county court of Kiowa county with unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50, and has appealed.

Counsel for defendant have presented many assignments of error in their brief However, in the view which we have taken of this case, it is only necessary to discuss one of them, to wit, the sufficiency of the evidence to sustain the conviction.

Two constables and a justice of the peace made a search of a small house on the rear of certain premises near the town of Hobart, where the defendant was living with his daughter, and found several pints of intoxicating liquors. The justice of the peace who issued the search warrant for the premises accompanied the constables and took the leading part in the search. The legality of the search was attacked at the trial, but it is unnecessary for us to discuss that issue. One of the constables remained at the car, about 100 yards from where the search was conducted, and the other constable and the justice of the peace made the search. The court allowed the constable who made the search to testify, over the objection of the county attorney, that he had been furnished information that the whisky was in the outbuilding, but that his informant stated that it did not belong to "old man Parkey" (the defendant). The room where the whisky was found

was locked and entrance was made by removing a window. Inside of the room, in addition to the whisky which was seized by the officers, was a stove, a trunk and some other household goods. Parkey was present when the search was made and strenuously objected to the officers making a search. He told the officers at that time that the outbuilding had been rented by his daughter and son-in-law, who had charge of the premises, to J. T. McKendree for $5 per month for storing the household goods of McKendree. It developed from the testimony of the officers that McKendree had been operating a road-house a short distance from the place where the whisky was found, and that he had had some previous trouble with the officers over whisky. Other than the fact that Parkey was present at his daughter's home on the same premises as the building where the whisky was found, no proof was introduced by the state to connect Parkey with the whisky.

In defendant's behalf the proof showed that the premises involved, containing about 11 acres, had been rented by the owner to George Rosendale, who was employed by the telephone company at Hobart. Rosendale had married the daughter of the defendant and they had been living at this place about three years. Some time before the search was made Rosendale was taken to the sanitarium at Clinton for treatment of tuberculosis. The defendant Parkey was a widower and had been staying with different ones of his children. When Rosendale was taken to the sanitarium Mrs. Rosendale asked her father, the defendant Parkey, to come and stay with her and her children, as she was also in ill health. The evidence is clear that Parkey was merely a guest at his daughter's home to assist her while her husband was gone.

One of the constables testified that he was convinced "to my own satisfaction that the whisky was not Parkey's."

The defendant Parkey testified that he was 71 years of age and had lived in and near Hobart for 30 years. That he had never in his life been arrested or accused of any crime. That he formerly served as police judge of the city of Hobart and that there was hard feeling existing between him and the justice of the peace who issued the search warrant and conducted the search. That he had nothing to do with the premises, but had come there to stay with his daughter while her husband was gone. That he did not know whisky was in the building, but he did object to the search being made unless the officers could produce a search warrant.

Mrs. Rosendale testified that she and her husband had rented the small outbuilding where the liquor was found to J. T. McKendree for $5 per month for the purpose of storing his household goods. That she saw McKendree bring some large boxes and a trunk and some other household goods and store them in the building, but did not know that any liquor had been placed therein. That McKendree had placed a lock on the door and had kept it locked all of the time and that she did not know what was in the building. That the defendant was living there with her because she had been ill and unable to take care of the place and she had asked her father to come and help her while her husband was in the sanitarium.

The mayor of Hobart, the postmaster, the city treasurer, and many other responsible citizens of Kiowa county testified on behalf of the defendant that his reputation as an honest, peaceable, and law-abiding citizen was good. No evidence was offered by the state to refute the evidence of good reputation and no effort was

made by cross-examination to discredit the good reputation of the defendant.

We are of the opinion that the state has wholly failed to sustain the burden of proving that defendant had the possession and control of the intoxicating liquors which were found. The constable who made the search stated that he was convinced that the liquor was McKendree's and this court is also convinced from a reading of the record that the whisky belonged to McKendree, who had been having difficulties with the officers because of his liquor activities. The statute of limitations has not run and the county attorney, with the evidence shown in this record, has ample time if he wishes to institute a prosecution against McKendree, who is apparently the proper party to be charged with the ownership and possession of the whisky in question. Other than the statement by the defendant at the time the search was made to the officers that he was the man of the place and that he was not going to let them search the building where the liquor was found without a search warrant, there is nothing to connect the defendant with this offense.

Mere knowledge by the defendant, if in truth he had such knowledge, that the whisky was stored in the building would not be sufficient to convict him of the possession of it. It is clear that he did not have the possession or control of the building where the whisky was found.

We think the evidence is insufficient to sustain the conviction, and, accordingly, the judgment of the county court of Kiowa county is reversed and remanded with instructions to discharge the defendant.

BAREFOOT, P. J., and DOYLE, J., concur.